## MARY A. WOLF

### v.

### ADAM WOLF.

On April 21st, 1879, a husband so grossly abused his wife that she went to her parents' home. The next day he followed her there, and, calling her out of the house, shot her. He then absconded, but was, in the summer of 1879, arrested, tried and convicted and sentenced to imprisonment in the state prison for five years, where he was accordingly confined. He was released after this suit was begun.—*Held,* that his absence from his wife since April 22d, 1879, was not "willful, continuous and obstinate desertion," so as to entitle her to a divorce.

Petition for divorce *a vinculo.*

*Mr. G. H. Lambert,* for petitioner.

THE CHANCELLOR.

The bill was filed August 11th, 1883. The suit is by a wife for a divorce from the bond of marriage for the cause of desertion. The defendant was guilty of acts of great and extreme cruelty to her prior to the 21st day of April, 1879, and on that day he so abused her by choking her that she went home to her parents in Newark, where she and her husband and they then lived. The next day he came to her father's house, and, inducing her to come out on the pretence that he had something to say to her, he shot her. He then absconded from Newark but was

Wolf v. Wolf.

afterwards, in the summer of 1879, arrested in Pennsylvania and brought here and put on trial for that offence. He was convicted and sentenced to be imprisoned in the state penitentiary for five years. He was sent there accordingly, and appears to have been discharged after this suit was begun. The question is whether

Note.—In *Apthorpe* v. *Apthorpe, 29 L. J. (Mat. Cas.) 27*, a husband deserted his wife, without reasonable cause, on October 4th, 1854, and never returned to her again. On November 16th, 1856, he was arrested on a charge of felony, and was subsequently convicted and sentenced to four years' penal servitude. Between October 4th, 1854, and November 16th, 1856, he was twice imprisoned for debt—on the first occasion for seven, on the second, for nineteen days. On a suit for divorce for a dissolution of marriage, commenced before the expiration of the term of penal servitude—*Held*, that the husband had been guilty of desertion for two years and upward. See *Hews* v. *Hews, 7 Gray 279*.

In *Williamson* v. *Williamson, L. R. (7 P. D.) 76*, the parties were married in January, 1879. A fortnight afterwards, the wife, who had been a domestic, was apprehended for theft, convicted and sentenced to six months' imprisonment. On her discharge, she did not return to her husband, but went out again, to service as a domestic. While there, and in October, 1879, she asked her husband to live with her, but he refused, owing to her misconduct. In November, 1881, he discovered that she had been living in adultery with one B. since May, 1880.—*Held*, that her criminal conviction was no justification for her husband's refusing further cohabitation with her, but that as such refusal did not conduce to her adultery, he was entitled to a divorce therefor.

In *Townsend* v. *Townsend, L. R. (3 P. & D.) 129*, a husband, having committed several thefts, separated from his wife, with her knowledge and consent, for the purpose of avoiding arrest. He was afterwards apprehended and imprisoned, and having committed other thefts after his release he was again imprisoned. While he was confined, and also in the interval between his imprisonments, he kept up a correspondence with his wife, and made repeated endeavors to induce her to return to cohabitation, which she refused.—*Held*, that there was no desertion, the separation being involuntary on the part of the husband.

In *Sharman* v. *Sharman, 18 Tex. 521*, that the husband had committed forgery, for which he had been convicted and sentenced to the penitentiary for seven years, where he was confined when his wife's bill for divorce for desertion was filed, and that the wife was left without any means of support except from her father, was held not good cause for divorce. .

In *Greenlaw* v. *Greenlaw, 12 N. H. 200*, a statute providing that divorces should be decreed in favor of the innocent party, when the other had been convicted of a felony and actually imprisoned therefor, was held not to authorize a divorce where the party had been convicted and imprisoned *before* the

Wolf *v.* Wolf.

his absence from his wife since the 22d of April, 1879, was "willful, continued and obstinate desertion." It is impossible to conclude that it is. It cannot be said that during his imprisonment he obstinately and willfully remained away from her, for he was not able to return to her. He wrote to her during his con-

passage of the act. See *Scott* v. *Scott, 6 Ohio 534; Clark* v. *Clark, 10 N. H. 380; State* v. *Deaton, 65 N. C. 496; Cole* v. *Cole, 27 Wis. 531; Sherburne* v. *Sherburne, 6 Me. 210; Buckholts* v. *Buckholts, 24 Ga. 238.*

In *Thomas* v. *Thomas, 51 Ill. 162,* the commission of a crime, without conviction therefor, was held insufficient. Also, *Lucas* v. *Lucas, 2 Tex. 112 ; Foy* v. *Foy, 13 Ired. 90.*

In *Hoffmire* v. *Hoffmire, 3 Edw. Ch. 173, 7 Paige 60,* a husband, who had committed adultery, was afterwards convicted and imprisoned for a felony.— *Held,* that the misconduct for which he was imprisoned "operated as an abandonment of his duty towards his wife," so as to revive her right to sue for a divorce for his adultery, and that the decree would not be opened to enable him to show condonation previous to his imprisonment.

In *Small* v. *Small, 57 Ind. 568,* a wife prosecuted her husband for an atrocious assault and battery on her, with intent to kill her, she being then pregnant, and thereby causing a miscarriage of the child. He was acquitted.—*Held,* that the prosecution was not "cruel and inhuman treatment," entitling him to a divorce. See *Woodruff* v. *Woodruff, 11 Me. 475.*

In *Porritt* v. *Porritt, 18 Mich. 420,* a wife brought a suit for divorce for cruelty and habitual drunkenness, which was granted by the circuit court, but, on appeal, reversed by the supreme court. Pending these proceedings, the husband made a criminal charge against his wife of attempting to take his life by poison. She was tried thereon and acquitted.—*Held,* that the time during which all these proceedings were going on, and during which the wife did not cohabit with her husband, should not be estimated in the three and a half years' separation necessary to constitute desertion.

finement, but she returned his letters to him unopened. Though he has done nothing for or towards her support during all the time of his absence, he obviously has had no means of doing anything. After his discharge he endeavored to find her, and appeared to be very desirous of doing so. The case made by the proofs does not entitle the petitioner to the divorce which she seeks.

